UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SULZER MIXPAC AG,

      Plaintiff,                               COMPLAINT

-against-

DELIAN TECHNOLOGY & TRADING       TRIAL BY JURY DEMAND
BEIJING CO., LTD,

      Defendant.

-------------------------------------------------------------X

Plaintiff Sulzer Mixpac AG ("Mixpac") submits this Complaint against Defendant Delian Technology & Trading Beijing Co., Ltd ("Defendant" or "Delian") seeking damages, injunctive and other relief for trademark counterfeiting, trademark infringement, and related claims.

## INTRODUCTION

Mixpac is famous in the Dental Trade for its Candy Color registered trademarks used for its mixing system, but the Candy Colors are also very popular with counterfeiters. The Candy Colors (Yellow, Teal, Blue, Pink, Purple and Brown) are valuable because they indicate the high quality of the Mixpac® System.



Mixpac files this case to stop yet another copier from using the Candy Colors to confuse dentists into believing that unauthorized and lesser quality dental products are made by Mixpac.

1

## PARTIES

1. Plaintiff Sulzer Mixpac AG is a Swiss corporation with its principal place of business at Rütistrasse 7, CH-9469 Haag, Switzerland (hereafter "Mixpac").

2. Defendant Delian Technology & Trading Beijing Co., Ltd (hereafter "Defendant" or "Delian") is a Chinese company with a business address of Golden Land Building, Commercial Center Office 1302, Liangmaqiao Lu No.32, Chaoyang District, Beijing 100125, PR China. Defendant exhibited dental products that infringe the Sulzer Candy Colors at the Greater New York Dental Meeting ("GNYDM") held at the Javits Center in New York, New York on at least November 25, 2018.

## JURISDICTION AND VENUE

3. This court has jurisdiction over Mixpac's trademark counterfeiting, trademark infringement, and unfair competition claims under 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121.

4. This court has personal jurisdiction over Defendant because it has transacted business in this district and have sold, offered for sale, distributed, and advertised products that infringe Mixpac's federally registered and common law trademarks in this judicial district.

5. Defendant has substantial and continuous contacts with New York and Defendant, or its agents, have committed acts of infringement in New York, including the Southern District of New York, sufficient to confer personal jurisdiction upon them. Specifically, Defendant sold, offered for sale, distributed and advertised mixing tips and accessories at the 2018 GNYDM on at least November 25, 2018. The GNYDM is the world's largest annual dental trade show where dentists, distributors, and manufacturers meet to discuss, buy, and sell new dental products and procedures. See Exhibit A, a true and correct copy of the GNYDM About Us page; see also,

Exhibit B, a true and correct copy of a screenshot of the GNYDM mobile application showing Delian's Exhibitor Page.

6. Venue properly lies in this court under 28 U.S.C. §§ 1391(b) and (c) because Defendant is subject to personal jurisdiction and have committed acts of trademark infringement in this district. Defendant's offering and selling infringing products in New York gives rise to proper venue as a substantial part of its infringing acts have occurred in this district.

## BACKGROUND

### Mixpac's Dental Mixing System

7. Mixpac is the exclusive Swiss manufacturer of its dental systems for mixing and applying two-part materials for dental applications. The System has 1) a dispenser (like a caulking gun), 2) a cartridge with caps containing a two-part chemical material such as an epoxy having a catalyst and a resin, and 3) a mixing tip that mixes the material before it is applied for making, for example, an impression or mold for teeth. Dentists may also use an intra-oral tip (IOT) to apply the mixed material. See diagram below showing the mixing System components. The Candy Colors are used on the mixing tips, IOT's and cartridge caps as well as in advertising.



8.     Mixpac uses the Candy Colors on mixing tips and its System in various ways, but all communicate to the market that the products are made by Mixpac.



Original MIXPAC™ Candy Colors™
MIXPAC™ owns valuable trademark rights in the Candy Colors™ in the United States and in other countries.

See Exhibit C, a true and correct copy of MIXPAC Candy Colors Counterfeit Warning Advertising.

### The Registered Candy Color Marks

9.     Mixpac has since at least as early as 1997 used the distinctive color trademarks - Yellow, Teal, Blue, Pink, Purple, and Brown - for its mixing tips, cartridge caps, IOT's and accessories (hereinafter "Candy Color Marks" or the "Candy Colors").

10.    The Candy Color Marks have been used to identify Mixpac's dental mixing system, mixing tips, cartridge caps, IOT's and accessories.

4

11. The Candy Color Marks are non-functional. They are not essential to the product's purpose, and they are not dictated by concern for cost efficiency. This is evidenced by other companies in the dental industry that use different designs and colors, or no colors, for their products, none of which include the Candy Colors, or design features of the Candy Color Marks.

12. The Candy Color Marks are distinctive and identify a single source – Mixpac.

13. Over more than twenty (20) years the Candy Color Marks have acquired secondary meaning as the relevant public has come to associate the Candy Color Marks with a single source – Mixpac. Mixpac informs the dental public to "look for" the Candy Color Marks and informs that the Candy Colors are trademarks:



MIXPAC™ Quality Seal
Genuine MIXPAC™ products use the MIXPAC™ Quality Seal.
LOOK FOR the Quality Seal and MIXPAC™ Candy Colors™
(Yellow, Teal, Blue, Purple, Pink, or Brown)™.

See Exhibit C.

**Mixpac's Candy Color Marks and U.S. Trademark Registrations**

14. Mixpac owns more than thirty-six (36) U.S. Trademark Registrations for the Candy Color Marks for its mixing tips, cartridge caps and IOT's. Mixpac also owns a Registration for the shape of its mixing tips without claim to color.

5

**Mixpac Mixing Tip Registrations**

15. Mixpac owns twenty-five (25) U.S. Trademark Registrations for the Candy Colors in connection with mixing tips: U.S. Trademark Reg. No. 4,674,109 (yellow), Reg. No. 3,762,232 (yellow) (incontestable), Reg. No. 4,879,515 (teal/green), Reg. No. 3,762,233 (teal/green) (incontestable), Reg. No. 3,976,379 (blue) (incontestable), Reg. No. 4,879,519 (blue), Reg. No. 3,976,380 (pink) (incontestable), Reg. No. 4,879,517 (pink), Reg. No. 3,976,381 (purple) (incontestable), Reg. No. 4,879,518 (purple), Reg. No. 3,976,382 (brown) (incontestable), and Reg. No. 4,879,516 (brown) (collectively, Mixpac's "Original Candy Color Trademark Registrations"), and Reg. No. 4,051,261 for the Mixpac Dome Shape (also incontestable) only without claim to any color ("Mixpac Dome Shape Registration"). True and correct copies of these trademark registration certificates are attached as Exhibit D. See charts below:

| Reg. No. | 4051261 | 3762232 | 3976380 | 3976382 | 3976379 | 3976381 | 3762233 |
|---|---|---|---|---|---|---|---|
| MARK | | | | | | | |

| Reg. No. | 4674109 | 4879517 | 4879516 | 4879519 | 4879518 | 4879515 |
|---|---|---|---|---|---|---|
| MARK | | | | | | |

16. Mixpac's Original Candy Color Trademark Registrations are prima facie evidence of the validity of the marks, registration of the marks, and Mixpac's exclusive right to use the marks.

17. Mixpac also owns U.S. Trademark Registrations for the Candy Colors used on the mixing element or the housing of the mixing tips: U.S. Trademark Reg. No. 5,252,587 (blue), Reg. No. 5,337,287 (yellow), Reg. No. 5,337,288 (teal), Reg. No. 5,337,289 (pink), Reg. No. 5,337,290 (purple), Reg. No. 5,337,291 (brown), Reg. No. 5,337,292 (yellow), Reg. No. 5,337,293 (teal), Reg. No. 5,337,294 (blue), Reg. No. 5,342,815 (pink), Reg. No. 5,342,816 (purple) and Reg. No. 5,342,817 (brown) (Mixpac's "New Candy Color Trademark Registrations").  True and correct copies of these trademark registration certificates are attached as Exhibit E.  See charts below:

| Reg. No. | 5337287 | 5337288 | 5337289 | 5252587 | 5337290 | 5337291 |
|---|---|---|---|---|---|---|
| MARK | (yellow mixing tip) | (teal mixing tip) | (pink mixing tip) | (blue mixing tip) | (purple mixing tip) | (brown mixing tip) |



**Mixpac Cartridge Cap Registrations.**

18. Mixpac also owns U.S. Trademark Registrations for the Candy Colors on cartridge caps: U.S. Trademark Reg. Nos. 4,930,846 (yellow), 4,954,093 (teal), 4,954,097 (blue), 4,954,095 (pink), 4,954,098 (purple), and 5,071,027 (brown) (collectively, the "Candy Color Cap Trademark Registrations"). True and correct copies of these trademark registration certificates are attached as Exhibit F. See chart below:

| Reg. No. | 4930846 | 4954093 | 4954095 | 4954097 | 4954098 | 5071027 |
|---|---|---|---|---|---|---|
| MARK | | | | | | |

19. Mixpac's Candy Color Cap Trademark Registrations are prima facie evidence of the validity of the marks, registration of the marks, and Mixpac's exclusive right to use the marks.

**Mixpac Intra Oral Tip (IOT) Registrations**

20. Mixpac also owns registrations for the Candy Colors on Intra-Oral Tips: U.S. Trademark Reg. Nos. 5,252,589 (yellow), 5,352,244 (teal), 5,352,247 (blue), 5,352,246 (pink), 5,356,725

(purple), and 5,352,245 (brown) (collectively, Mixpac's "Candy Color IOT Trademark Registrations"). True and correct copies of these trademark registration certificates are attached as Exhibit G. See chart below:

| Reg. No. | 5252589 | 5352244 | 5352246 | 5352247 | 5356725 | 5352245 |
|---|---|---|---|---|---|---|
| MARK | (yellow) | (teal) | (pink) | (light blue) | (purple) | (brown) |

**Defendant's Counterfeit Mixing Tips**

21. Defendant has capitalized on the success of the Mixpac system by copying the distinctive Candy Color Marks, and by using the wide exposure of the Greater New York Dental Meetings to confuse purchasers into believing the counterfeit products are manufactured or licensed by Mixpac. Defendant's products or advertising use the Candy Colors on mixing tips, cartridge caps and IOT's ("Infringing Mixing Products").

22. Defendant copied the distinctive Candy Color Marks and the shape of Mixpac's mixing tips, cartridge caps and IOT's. See true and correct copies of photographs of examples of Defendant's Infringing Mixing Products sold and offered for sale and distributed at GNYDM and examples of advertising shown at Defendant's GNYDM 2018 Booth, Booth 5601, attached as Exhibit H.

23. Defendant's Infringing Mixing Products are counterfeit as they are spurious and are identical with or substantially indistinguishable from Mixpac's Candy Color Marks as shown in Mixpac's Original Candy Color Trademark Registrations, Mixpac's New Candy Color Trademark Registrations, Mixpac's Candy Color Cap Trademark Registrations.

24. Defendant's Infringing Mixing Products are of unknown quality and safety and reliability, and threaten Mixpac's reputation in its product, to the detriment of Mixpac and the public.

9

25. Defendant has sold, offered for sale, distributed and advertised Infringing Mixing Products to customers in this district at least at the GNYDM 2018 during the show on at least November 25, 2018. See Exhibit I, a true and correct copy of a Delian sales receipt for Infringing Mixing Products with the customer name redacted; see also, Exhibit H, true and correct copies of photos of Defendant's Booth Exhibit Banner Advertising, Booth Exhibit Brochures, and Defendant's Product Catalog.

**This Court Has Entered Numerous Restraining Orders, Consent Judgments or Default Judgments and Injunctions Which Confirm the Validity and Infringement of the Plaintiff's Candy Color Marks and the Candy Colors**

26. In *Sulzer Mixpac v. TPC Advanced Technologies, Inc.*, 08 Civ. 10364 (DC), this Court entered a Temporary Restraining Order against further infringement of the Candy Color Marks on December 1, 2008, and the Court later entered six consent or default judgments which confirm the validity and infringement of the Candy Color Marks. On November 30, 2009 in *Sulzer Mixpac v. Ritter GmbH, NSJ and Peng Waves*, 09 Civ. 9705 (DAB) the Court issued a TRO, followed by the issuance of a Preliminary Injunction on December 14, 2009, and later a default judgment confirming the validity and infringement of Mixpac's Candy Color Marks. In *Sulzer Mixpac USA v. Purelife Gloves, LLC*, 09 Civ. 10430 (DAB) and *Sulzer Mixpac USA v. Crown Dentalsply et al.*, 10 Civ. 8911 (DAB), the Court entered consent judgments further confirming the validity and infringement of the Candy Color Marks on May 10, 2011 and April 21, 2011, respectively. Further, in *Sulzer Mixpac USA v. Rainbow Specialty & Health Products (USA) et al.*, 12 Civ. 6970 (RJS), *Sulzer Mixpac USA v. UC Dental Products, Inc. dba Happystone Dental Supply* 12 Civ. 7863 (LTS), *Sulzer Mixpac USA v. Spident USA, Inc. and Spident Co., Ltd. et al.*, 12 Civ. 8563 (PAC), and *Sulzer Mixpac v. DXM et al.*, 15 Civ. 9359 (ER), the court entered consent judgments confirming the validity and infringement of the Candy

Color Marks on November 21, 2012, November 27, 2012, March 12, 2013, December 23, 2015, and June 16, 2016, respectively. See Exhibit J.

## COUNT I
## TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114

27. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 26 of its complaint.

28. Defendant has advertised, offered for sale, distributed, and/or sold Infringing Mixing Products which are spurious, and which are identical with or are substantially indistinguishable from Mixpac's Candy Color mixing tips as shown in at least Mixpac's Original Candy Color Trademark Registrations.

29. Defendant has advertised, offered for sale, distributed, and/or sold Infringing Mixing Products which are spurious, and which are identical with or are substantially indistinguishable from Mixpac's Candy Color dental mixing products as shown in at least Mixpac's Candy Color Cap Trademark Registrations.

30. Defendant has advertised, offered for sale, distributed, and/or sold Infringing Mixing Products which are spurious, and which are identical with or are substantially indistinguishable from Mixpac's Candy Color dental mixing products as shown in at least Mixpac's Candy Color IOT Trademark Registrations.

31. Defendant's conduct is likely to cause confusion, to cause mistake, and to deceive as to Defendant's affiliation, connection, association, or sponsorship with Mixpac.

32. Defendant's infringement is willful and with notice of Mixpac's trademark registrations.

33. Mixpac has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Defendant's

wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, statutory damages, damages, and attorney's fees and costs.

## COUNT II
## TRADEMARK INFRINGEMENT OF THE REGISTERED CANDY COLOR MARKS BY DEFENDANT UNDER 15 U.S.C. §§ 1125(a) and 1114

34. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 33 of its complaint.

35. Defendant adopted its Infringing Mixing Products with knowledge of the Candy Color Marks and Candy Colors.

36. Defendant has, without permission, offered for sale, advertised, distributed and/or sold dental products that misuse the Candy Color Marks.

37. Defendant has misleadingly used, and continue to use, the Candy Color Marks in the Original Candy Color Trademark Registrations which is likely to cause confusion, to cause mistake, and to deceive as to Defendant's affiliation, connection, association, or sponsorship with Mixpac.

38. Defendant's acts are calculated to deceive, or are likely to deceive, the public, which recognizes and associates the Candy Color Marks with Mixpac. Moreover, Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive the public as to the source of Defendant's products, or as to a possible affiliation, connection with or sponsorship by Mixpac.

39. Defendant's conduct has caused Mixpac to suffer and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill and will suffer the loss of sales and profits that Mixpac would have made but for Defendant's acts. Defendant has been, and will continue to be, unjustly enriched by its unlawful acts.

40. Defendant's infringement is willful and with notice of Mixpac's trademark registrations.

41. Mixpac has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT III
## FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

42. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 41 of its complaint.

43. Defendant's Infringing Mixing Products use the Candy Color Marks in such a way as to unfairly compete in the marketplace by drawing a false association between Defendant's products and Mixpac including selling, advertising, and offering for sale Infringing Mixing Products at the 2018 Greater New York Dental Meeting.

44. Defendant has made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, qualities, sponsorship, or association with another person's goods, services, or commercial activities in violation of 15 U.S.C. § 1125(a).

45. Defendant has violated and, upon information and belief, intend to continue to willfully, knowingly, and intentionally violate 15 U.S.C. § 1125(a) by its unlawful acts in a manner that is likely to cause confusion, mistake or deceive as to the nature, characteristics, or qualities of its goods, services, or commercial activities.

46. Defendant's conduct has caused Mixpac to suffer irreparable harm and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill, and will suffer the loss of sales and profits that Mixpac would have made but for

Defendant's acts.  Defendant has been, and will continue to be, unjustly enriched by its unlawful acts.

47.     Defendant has willfully made false designations of origin with knowledge and with notice of Mixpac's trademark registrations.

48.     Mixpac has no adequate remedy at law.  Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac.  As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT IV
## VIOLATION OF N.Y. GEN. BUS. LAW § 349

49.     Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 48 of its complaint.

50.     Defendant's acts, including the unauthorized manufacture and distribution of its Infringing Mixing Products, constitute a violation of General Business Law § 349 because they are likely to cause confusion or mistake, or deceive consumers into thinking that Defendant's and Mixpac's products emanate from the same source.  The public has an interest in being able to correctly identify the source of genuine Mixpac dental products.

51.     Defendant's conduct has caused harm to the public because its products compromise the health or safety of consumers of dental products or services.

52.     Defendant willfully engaged in one or more deceptive trade practices.

53.     Mixpac has no adequate remedy at law.  Defendant's conduct has caused and, if not enjoined, will continue to endanger consumers of dental products or services and cause irreparable damage to Mixpac. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT V
## VIOLATION OF N.Y. GEN. BUS. LAW § 350

54. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 53 of its complaint.

55. Defendant's acts violate General Business Law § 350 because, by offering copies of Mixpac's products, they falsely represent to consumers and professionals that its products are somehow associated or affiliated with, sponsored, or endorsed by Mixpac.

56. Defendant's acts and misrepresentations are likely to cause confusion, mistake, or deception as to the source of its products and services.

57. Should such misrepresentations continue, it will produce an irreparable injury to Mixpac because it allows Defendant to trade off Mixpac's goodwill and unfairly and improperly market its goods through misleading statements.

58. Defendant's conduct has caused harm to the public because its products compromise the health or safety of consumers of dental services.

59. Defendant has willfully made false representations with knowledge and with notice of Mixpac's trademark rights.

60. Defendant's acts have caused, and continue to cause, irreparable harm to Mixpac. Unless this court enjoins Defendant from continuing its unauthorized acts, Mixpac will continue to suffer irreparable harm. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT VI
## VIOLATION OF N.Y. GEN. BUS. LAW § 360-1

61. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 60 of its complaint.

62. Defendant's conduct is likely to cause injury to Mixpac's reputation and dilute the distinctive quality of its trademarks.

63. Mixpac's Candy Color Marks are highly distinctive and has become well known and widely respected in the dental industry.

64. Mixpac's products are safe and meet Mixpac's high standards for quality and cleanliness.

65. Mixpac's dental products have been properly tested to fit and work effectively with Mixpac's dental dispensing systems.

66. Defendant's products may not be safe or may not meet Mixpac's standards for quality and cleanliness or may not have been properly tested to fit and work effectively with other Mixpac products. For example, the coupling on infringing mixing tips may disengage or "pop off" due to an improper fit tolerance or cause incomplete mixing.

67. Defendant's use of Mixpac's Candy Color Marks on its identical (in appearance), yet potentially substandard, products is likely to cause consumers to believe that Defendant's products emanate from the same source as Mixpac's.

68. Defendant's unlawful manufacture and distribution of products bearing Mixpac's distinctive trademarks are likely to tarnish Mixpac's image and blur the distinctive quality of its marks.

69. Defendant's actions threaten to undermine and damage the goodwill and reputation associated with Mixpac's trademarks in the eyes of the dental trade industry and general consuming public.

70. Defendant has willfully made false statements with knowledge and with notice of Mixpac's trademark rights.

71. Defendant's acts have caused irreparable harm to Mixpac. Unless this Court enjoins Defendant from continuing its unauthorized acts, Mixpac will continue to suffer irreparable harm. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT VII
## COMMON LAW TRADEMARK INFRINGEMENT

72. Mixpac realleges and incorporates herein by reference the allegations in paragraphs 1 through 71 of its complaint.

73. Defendant adopted the look of its Infringing Mixing Products with knowledge of the Candy Color Marks and the Mixpac Candy Colors.

74. Defendant has misleadingly used, and continue to use, products that include colors that are confusingly similar to the Candy Color Marks and the Candy Colors that are likely to cause confusion, to cause mistake, and to deceive as to Defendant's affiliation, connection, association, or sponsorship with Mixpac.

75. Defendant's acts are calculated to deceive, or are likely to deceive, the public, which recognizes and associates the Candy Color Marks and the Candy Colors with Mixpac. Moreover, Defendant's conduct is likely to cause confusion, to cause mistake, or to deceive the public as to the source of Defendant's products, or as to a possible affiliation, connection with, or sponsorship by Mixpac.

76. Defendant has willfully infringed with knowledge and with notice of Mixpac's trademark rights.

77. Defendant's acts have caused irreparable harm to Mixpac. Unless this court enjoins Defendant from continuing its unauthorized acts, Mixpac will continue to suffer irreparable

harm. As a result of Defendant's wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## COUNT VIII
## COMMON LAW UNFAIR COMPETITION

78. Mixpac realleges and incorporates by reference the allegations in paragraphs 1 through 77 of its complaint.

79. Defendant's acts constitute unfair competition under common law.

80. Defendant adopted its products in bad faith as they knowingly, willfully, and intentionally copied the shape and or colors of Mixpac's products to trade off Mixpac's labor, expenditures, and goodwill.

81. Defendant's products use the Candy Color Marks and the Mixpac Candy Colors in such a way as to unfairly compete in the marketplace by drawing a false association between Defendant's products and Mixpac.

82. Defendant has made false designations of origin and false or misleading descriptions or representations of fact in commercial advertising or promotion which misrepresent the nature, characteristics, or qualities of another person's goods, services, or commercial activities.

83. Defendant's conduct has caused Mixpac to suffer irreparable harm and, unless enjoined by the court, will cause Mixpac to continue to suffer damage to its operation, reputation, and goodwill and will suffer the loss of sales and profits that Mixpac would have made but for Defendant's acts. Defendant has been, and will continue to be, unjustly enriched by its unlawful acts.

84. Mixpac has no adequate remedy at law. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to Mixpac. As a result of Defendant's

wrongful conduct, Mixpac is entitled to injunctive relief, Defendant's profits, damages, and attorney's fees and costs.

## RELIEF REQUESTED

WHEREFORE, Mixpac requests that the court enter a judgment in Mixpac's favor and against Defendant and provide Mixpac the following relief:

A. Order, adjudge, and decree that Defendant has infringed the Candy Color Marks under 15 U.S.C. §§ 1114, 1125(a);

B. Order, adjudge, and decree that Defendant has committed trademark counterfeiting of Mixpac's Original Candy Color Registrations, Mixpac's Candy Color Cap Registrations, and Mixpac's Candy Color IOT Registrations under 15 U.S.C. § 1114;

C. Order, adjudge, and decree that Defendant willfully and knowingly infringed the Mixpac Candy Color Marks and Mixpac's trademark registrations;

D. Issue preliminary and permanent injunctive relief prohibiting Defendant and its respective parents, subsidiaries, principals, officers, agents, affiliates, servants, attorneys, employees, and all others in privity with them from using any trademark, trade dress or advertising which is likely to be confused with the Candy Color Marks in connection with dental mixing products;

E. Order Defendant to identify and recall from customers and destroy all infringing materials, including but not limited to all packaging and advertising related to the Infringing Mixing Products or any other infringing materials having material confusingly similar to the Candy Color Marks;

F. Award Mixpac damages for trademark infringement including prejudgment interest and costs against Defendant under 15 U.S.C. § 1117;

G. Award Mixpac three times its damages to compensate Mixpac under 15 U.S.C. § 1117;

H. Award Mixpac its reasonable attorney's fees under 15 U.S.C. § 1117;

I. Award Mixpac statutory damages for trademark counterfeiting pursuant to 15 U.S.C. § 1117; and

J. Award such other and further relief as the court may deem just.

Dated: November 26, 2018

                                              */s/ Charles D. Cole, Jr.*

                                              Charles D. Cole, Jr.
Newman Myers Kreines Gross Harris, P.C.
40 Wall Street
New York, New York 10005-1335
(212) 619-4350
dcole@nmkgh.com

-and-

Michael T. Murphy
Suzanne Konrad
Daniel Hwang
Global IP Counselors, LLP
1233 Twentieth Street NW, Suite 600
Washington, D.C. 20036
(202) 293-0585
mmurphy@giplaw.com

Attorneys for Sulzer Mixpac AG